UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
VERLICIA MILLER,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-CV-05912 (FB)

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER J. BOWES
Center for Disability Advocacy
Rights, Inc.
325 Broadway, Suite 203,
New York, NY 10007

*For the Defendant*:
ANNE M. ZEIGLER
Special Assistant
United States Attorney
Office of Program Litigation, Office 2
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

      Plaintiff Verlicia Miller, (Plaintiff) appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Social Security disability benefits. Both parties have moved for judgment on the pleadings. For the following reasons, Plaintiff's motion is DENIED and the Commissioner's motion is GRANTED.

## I.   BACKGROUND

Plaintiff worked as an elementary and special education teacher from 2000-2015.  She alleged disability beginning November 23, 2015, due to seizures, dizziness, an equilibrium condition, anal fissure, anal pain, pruritus ani, renal cyst, and high blood pressure.  She filed an application for disability benefits on March 8, 2017, which was denied on May 11, 2017.  Plaintiff did not appeal the decision, so it became final.  She filed a second application for disability benefits on December 18, 2017.  An administrative law judge ("ALJ") held a hearing on July 23, 2019, and issued a decision on September 13, 2019.  In the decision, the ALJ found no basis for reopening Plaintiff's previous application.  Tr. 11.

The ALJ found that Plaintiff was not disabled before August 25, 2019, but due to a change in her age category, became disabled on that date with severe impairments including: "a seizure disorder; a history of uterine fibroids; status-post removal; anemia; fibromyalgia; a history of anal fissure; status-post surgical repair; hypertension; and vertigo."  Tr. 13.  The ALJ declined to award Plaintiff benefits because: (i) Plaintiff did not have a listed impairment; (ii) Plaintiff had the residual functional capacity to perform a substantial range of sedentary work; and (iii) there were sufficient jobs in the national economy that she could perform.  The Appeals

Council denied review of the ALJ's decision on September 28, 2020, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

## II. DISCUSSION

In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Plaintiff presents two grounds for remand; both are without merit.

### a. Constructively Re-opening Prior Application

First, Plaintiff argues that the ALJ constructively reopened her prior application for disability benefits by discussing medical evidence dating from her prior application. *See Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. Vt. 2003) ("[F]ederal courts may review the Commissioner's decision not to reopen a disability application . . . where the Commissioner has constructively reopened the case[.]"). An ALJ constructively reopens a decision when he "reviews the entire record and renders a decision on the merits." *Saxon v. Astrue*, 781 F. Supp. 2d 92, 99 (N.D.N.Y. 2011).

3

However, merely considering medical history dating to a prior application, without rendering a decision on the merits, does not amount to a re-evaluation of that claim. *Id.* ("A [prior disability application] is not constructively reopened when the ALJ merely discusses prior proceedings and evidence to describe a claimant's background."). Although the ALJ considered Plaintiff's medical evidence dating from the application of her prior claim — to determine the existence and severity of her condition at the time when the second application was submitted — there is no evidence that he made any decision on the merits of the prior claim. As such, the ALJ's refusal to reopen Plaintiff's prior application is not subject to judicial review.

Even assuming *arguendo* that the application was reopened, Plaintiff would still not be entitled to remand. Essentially, Plaintiff argues that the constructive reopening — of an application submitted on March 8, 2017 — subjected the ALJ's decision to the "treating physician rule."[1] Plaintiff argues that the rule requires remand here because the ALJ failed to obtain a treating source opinion from

---

[1] 20 C.F.R. §§ 416.927 and 404.1527 were amended in 2017, for applications filed on or after March 27, 2017, to eliminate the treating physician rule, which required the agency to give controlling weight to a treating source's opinion, "so long as it was 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and not 'inconsistent with the other substantial evidence' in the record." *See Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at *3 (E.D.N.Y. Sept. 30, 2020) (quoting 20 C.F.R. § 416.927(c)(2)).

4

Plaintiff's neurologist and instead relied only on the doctor's medical records. But the treating physician rule did not affirmatively obligate ALJs to obtain "medical source opinions," where the record contains adequate medical records from the claimant's treating physician. *See Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996) (holding that an ALJ did not need to request information from treating physicians where he had a "complete medical history, and the evidence received from the treating physicians was adequate for him to make a determination as to disability").

The cases Plaintiff marshals in support of her argument are inapposite because they dealt with plainly incomplete records where ALJs failed to take reasonable steps to obtain missing medical information. *E.g.*, *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 438-40 (S.D.N.Y. 2003) (ALJ failed to obtain missing pages from evaluation form in *pro se* case); *Miller v. Barnhart*, No. 01 CIV.2744 DAB FM, 2004 WL 1304050, at *6-*7 (S.D.N.Y. May 6, 2004) (ALJ told counsel that he would issue a subpoena for medical records, but never issued subpoena or obtained the records); *Jones v. Apfel*, 66 F. Supp. 2d 518, 524 (S.D.N.Y. 1999) (failure to develop a record that was devoid of "any" medical records from treating physician of *pro se* plaintiff); *Bushansky v. Comm'r of Soc. Sec.*, No. 13 CIV. 2574 JGK, 2014 WL 4746092, at *6 (S.D.N.Y. Sept. 24, 2014) (error where the ALJ found a treating physician's lack of treatment notes significant, but did not ask for

5

those records); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (error where ALJ discredited treating physician based on lack of clinical findings, but did not make reasonable efforts to obtain the missing information).

No such gap appears here. The record contains the full breadth of Plaintiff's treating doctor's medical evidence, including the additional material the ALJ admitted after the close of the hearing. Moreover, Plaintiff's counsel made no request for the ALJ to obtain a source opinion from Plaintiff's doctor. In short, the ALJ simply concluded that Plaintiff's own allegations of her functional limitations were inconsistent with the adequately-developed record. This neither violated the treating physician rule, nor the ALJ's obligations under 20 C.F.R. §§ 404.1512, 416.912 to obtain the records of Plaintiff's medical sources; accordingly, Plaintiff's request for remand is denied.

### b. Residual Functional Capacity

Second, Plaintiff argues that the ALJ's residual functional capacity determination that Plaintiff could sit for six hours in an eight-hour workday was not supported by substantial evidence because Plaintiff testified that she could not sit for a long time without feeling pain. This was consistent with the ALJ's finding that Plaintiff had a history of anal fissure and post-surgical injury. But being able to sit for six hours a day does not mean that the Plaintiff is required to "sit without moving for six hours." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("The

regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours[.]" (citing *Perez*, 77 F.3d at 47). Moreover, the ALJ explicitly acknowledged Plaintiff's claim that she could not sit for long periods of time. Tr. 24. He ultimately found that this allegation was "not entirely consistent with the objective medical evidence and the record as a whole," and that Plaintiff's residual functional capacity permitted her to engage in sedentary work. This determination was supported by substantial evidence; accordingly, Plaintiff's request for remand is denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied and the Commissioner's motion is granted.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 23, 2024